```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT
```

KeyBank USA, N.A.,              :
    Plaintiff,              :
                              :
   v.                           :   File No. 2:04-CV-105
                              :
Kathleen H. Hutchins,           :
Stephen Hutchins, United        :
States of America,              :
Department of Justice,          :
    Defendants.             :

<u>OPINION AND ORDER</u>
(Paper 24)

This is an action for foreclosure on residential real estate. The case was removed to this Court by the United States pursuant to 28 U.S.C. § 1444. Currently pending before the Court is a renewed motion by plaintiff KeyBank, USA, N.A. ("KeyBank") for default judgment or, in the alternative, summary judgment. (Paper 24). KeyBank's initial motion for default judgment was denied on the ground that defendant Stephen Hutchins has filed an answer. (Nov. 10, 2004 Endorsed Order). KeyBank now argues that Hutchins' answer did not conform with Vermont's foreclosure rules. In the alternative, KeyBank requests summary judgment on the ground that "no defendant has filed an answer disclosing facts which would frustrate plaintiff's motion for judgment." (Paper

24 at 2).  For the reasons set forth below, KeyBank's renewed motion is DENIED.

Kathleen Hutchins and her then-husband Stephen Hutchins originally owned certain real property as tenants by the entirety.  Following their divorce, Kathleen Hutchins was awarded the house free from any claim or interest of Stephen Hutchins.  KeyBank holds a mortgage on the property, and the United States holds two liens, one superior and one junior to the KeyBank mortgage, that encumber Stephen Hutchins' former one-half interest in the property.

KeyBank now seeks to foreclose on the Hutchins property.  The United States has been dismissed with respect to its superior lien, and remains in the case as a junior lien-holder.  (Aug. 11, 2004 Endorsed Order).  Stephen Hutchins has filed an unverified answer in which he questions the validity of the debt pursuant to the federal Fair Debt Collection Practices Act.  (Paper 4).  Kathleen Hutchins has not filed an answer.

As noted above, the Court denied KeyBank's first motion for a default judgment, citing the fact that Stephen Hutchins has filed an answer.  In its "renewed"

motion for default judgment, KeyBank argues that a default judgment should be entered pursuant to Vermont Rule of Civil Procedure 80.1(c), which allows a default to enter when a defendant in a foreclosure action fails to file "a verified answer or answer supported by affidavits, disclosing facts alleged to constitute a defense to plaintiff's claim . . . ."  KeyBank's argument is misplaced, as it may not rely upon Vermont procedural rules in the case.  Federal rules of practice apply to removed actions.  Fed. R. Civ. P. 81(c) (Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."); Mroz v. City of Tonawanda, 999 F. Supp. 436, 449 (W.D.N.Y. 1998) ("Unless the case is remanded, after removal, questions of procedure are governed by federal law.").  There is no federal rule equivalent to V. R. Civ. P. 80.1(c), and the Vermont rule does not provide a basis for a default judgment in this Court.

    Furthermore, even if the Court were to apply the Vermont rule, V. R. Civ. P. 80.1(c) allows for the entry of a clerk's default under V. R. Civ. P. 55(a).  The

state rule does not sanction the entry of a default judgment under V. R. Civ. P. 55(b). Accordingly, KeyBank's motion for default judgment is DENIED.

KeyBank moves in the alternative for summary judgment. KeyBank has failed, however, to provide affidavits or other admissible evidence in favor of its motion. Indeed, KeyBank's only argument in favor of summary judgment is that the defendants have not offered facts "which would frustrate plaintiff's motion for judgment." (Paper 24 at 2). In light of Stephen Hutchins' apparent dispute about the validity of the debt, it is not clear from the pleadings that KeyBank is entitled to summary judgment on all claims. Moreover, KeyBank has failed to provide Hutchins with a notice to *pro se* litigant opposing summary judgment as required by Local Rule 7.1(c)(6). KeyBank's motion in the alternative for summary judgment is, therefore, DENIED.

Dated at Burlington, in the District of Vermont, this 8th day of June, 2005.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge, United States District Court